**KARISH & BJORUGM, PC**
BRUCE G. CHAPMAN (State Bar No. 164258)
bruce.g.chapman@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone:  (213) 785-8070
Facsimile:   (213) 995-5010

Attorneys for Plaintiff
S.P.E.P. Acquisition Corp.

# UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.P.E.P. ACQUISTION CORP., a corporation organized under the laws of the State of California, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. PATENT INFRINGEMENT** |
| | **2. COPYRIGHT INFRINGEMENT** |
| BACKYARD PRODUCTS LLC, a limited liability company organized under the laws of the State of Delaware, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff S.P.E.P. Acquisition Corp. d/b/a Sierra Pacific Engineering and Products (hereinafter "S.P.E.P.") for its complaint against Backyard Products LLC (hereinafter "Backyard Products") alleges as follows:

**The Parties**

1.      S.P.E.P. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 4041 Via Oro Ave., Long Beach, California 90810.

2.      S.P.E.P. is a leading designer, manufacturer, and distributor of industrial hardware components for OEMs and hardware distributors in California, the United States, and throughout the world.

3.      On information and belief, Backyard Products is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 317 S. Main Street, 6th Floor, Ann Arbor, Michigan 48104.

4.      On information and belief, Backyard Products is registered to business in the State of California, having an agent at Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

5.      On information and belief, Backyard Products maintains a physical facility in this District located at 6510 Box Springs Blvd., Riverside, California 92507.

6.      On information and belief, Backyard Products markets and sells sheds, and has committed infringement as described below, thought the United States, the State of California, and in this District.

**Jurisdiction and Venue**

7.      This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq*.  The Court has subject matter jurisdiction over the patent infringement claims pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (arising under the Patent Act).

8.      This is also an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*  The Court has subject matter jurisdiction over the copyright infringement claim pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (arising under the Copyright Act).

9.      This Court has personal jurisdiction over Backyard Products because Backyard Products has done, continues to regularly do, business in California and has committed acts of infringement in California, and has intentionally injured a California corporation with a principal place of business in this District.

10.      Venue is proper in this District pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(b).

## **Background**

11.      S.P.E.P. is a world leader in the field of hardware, including handles. Many of S.P.E.P.'s handles are designed to provide a unique and distinctive design that differentiates its products from others.

12.      On October 4, 2016, United States Patent No. D767,969 ("the '969 patent") was duly and legally issued by the United States Patent and Trademark Office.  S.P.E.P. is the lawful owner of the '969 patent, which is attached as Exhibit A.  The '969 patent remains in full force and effect.

13.      On December 13, 2016, United States Patent No. D773,914 ("the '914 patent") was duly and legally issued by the United States Patent and Trademark Office.  S.P.E.P. is the lawful owner of the '914 patent, which is attached as Exhibit B.  The '914 patent remains in full force and effect.

14.      S.P.E.P. has given Backyard Products actual notice of its infringement of the '969 and '914 patents by letter addressed to Kirk Utemark.  On information and belief, Mr. Utemark is the Chief Operating Officer at Backyard Products.

15.     In February 2019, Backyard Products approached S.P.E.P. regarding the potential purchase of S.P.E.P.'s 3360- or 3370-series handles.  Subsequently Rene X. Morales was given credentials to download drawings from S.P.E.P.'s website.  At that time, Mr. Morales was, on information and belief, Backyard Products' Director of Engineering.

16.     Through correspondence, design discussions and other communications, Backyard Products led S.P.E.P. to reasonably believe that Backyard Products would be purchasing handles from S.P.E.P.

17.     In June 2019, on information and belief, Mr. Morales downloaded the following drawing, along with supporting CAD 3D model(s), from a landing page on S.P.E.P.'s website that stated that the design was patented:



18.     The drawing identified in paragraph 17 is registered with the U.S. Copyright Office as Registration No. VAu001465484.

19.     On information and belief, in June 2019, Mr. Morales, copied the drawing and supporting CAD 3D model(s) identified in paragraph 17 into a Backyard Products drawing.

20.     On information and belief, Backyard Products has used the drawing identified in paragraphs 19 to create derivative drawings, as shown by example below:



21.     On information and belief, Backyard Products has used the drawings identified in paragraphs 19 and 20 to solicit handles from suppliers other than S.P.E.P.

22.     On information and belief, Backyard Products has been making, offering for sale and selling Gorilla Sheds with a handle design reflected in the drawings identified in paragraphs 19 and 20, as shown by example in images from Backyard Products' website, as shown below:



23.     On information and belief, Backyard Products has continued making, selling and offering for sale the Gorilla Sheds identified in paragraph 22 after being informed that those products infringe the '969 and '914 patents.

24.     Backyard Products copying and infringing acts are without authorization from or by S.P.E.P.

## Count I

### (Infringement of United States Patent No. D767,969)

25.     S.P.E.P. incorporates by reference the allegations in paragraphs contained in paragraphs 1-24 above.

26.     S.P.E.P. provided actual notice of infringement of the '969 patent to Backyard Products.

27.     On information and belief, Backyard Products has infringed and continues to infringe the '969 patent by, *inter alia*, making, selling and offering to sell in the United States products infringing the ornamental design covered by the '969 patent in violation of 35 U.S.C. § 271.

28.     On information and belief, that infringement was, and is, willful.

29.     Backyard Products infringement has damaged and continues to damage S.P.E.P.  The injury is irreparable and will continue unless and until Backyard Products is enjoined from further infringement.

## Count II
### (Infringement of United States Patent No. D773,914)

30.     S.P.E.P. incorporates by reference the allegations in paragraphs contained in paragraphs 1-29 above.

31.     S.P.E.P. provided actual notice of infringement of the '914 patent to Backyard Products.

32.     On information and belief, Backyard Products has infringed and continues to infringe the '914 patent by, *inter alia*, making, selling and offering to sell in the United States products infringing the ornamental design covered by the '914 patent in violation of 35 U.S.C. § 271.

33.     On information and belief, that infringement was, and is, willful.

34.     Backyard Products infringement has damaged and continues to damage S.P.E.P.  The injury is irreparable and will continue unless and until Backyard Products is enjoined from further infringement.

## Count III
### (Copyright Infringement)

35.     S.P.E.P. incorporates by reference the allegations in paragraphs contained in paragraphs 1-34 above.

36.     S.P.E.P. is the owner of valid and registered copyright in the drawing copied by Backyard Products.

37.     Backyard Products has infringed, and are continuing to infringe, S.P.E.P.'s copyright by reproducing, adapting, and distributing copies without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

38.     Backyard Products knew or reasonably should have known they did not have permission to copy and use S.P.E.P.'s drawings, and further knew or should have known their acts constituted copyright infringement.

39.     Backyard Products' acts of copyright infringement were willful.

40.     Because of Backyard Products acts and conduct, S.P.E.P. has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff S.P.E.P. prays for the following relief:

A.     A judgment entered in favor of S.P.E.P. on its claims for patent and copyright infringement.

B.     An injunction enjoining Backyard Products, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from infringing and profiting from the infringement of the '969 patent, the '914 patent and S.P.E.P.'s copyright.

C.     A judgment that Backyard Products pay to S.P.E.P. actual damages and Backyard Products' profits from the infringement; and treble damages in accordance with 35 U.S.C. § 284 for Backyard Products' willful and deliberate infringement.

D.     An award of costs in this action together with S.P.E.P.'s reasonable attorneys' fees pursuant to 35 U.S.C. § 285 for this case being exceptional;

E.     An award of interest, including prejudgment interest, on all damages; and

J.     Such other and further relief as the Court deems just and proper.

Dated: May 3, 2022                      KARISH & BJORGUM, PC


                                        By: /s/ *Bruce G. Chapman*

                                         Bruce G. Chapman
                                        Attorneys for Plaintiff
                                        S.P.E.P. Acquisition Corp.

## <u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demands a trial by jury of all issues raised by the Complaint which are properly triable to a jury.

Dated: May 3, 2022                    KARISH & BJORGUM, PC


By: <u>/s/ *Bruce G. Chapman*</u>

Bruce G. Chapman
Attorneys for Plaintiff
S.P.E.P. Acquisition Corp.

COMPLAINT

# Exhibit A



US00D767969S

(12) **United States Design Patent**          (10) Patent No.:        **US D767,969 S**

Aispuro                                        (45) Date of Patent:    **     Oct. 4, 2016**

(54) **L-HANDLE**

(71) Applicant: **S.P.E.P. ACQUISITION CORP.**, Long Beach, CA (US)

(72) Inventor: **Tomas Aispuro**, Bellflower, CA (US)

(73) Assignee: **S.P.E.P. ACQUISITION CORP.**, Long Beach, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/526,309**

(22) Filed: **May 7, 2015**

(51) **LOC (10) Cl.** ............................................. **08-06**

(52) **U.S. Cl.**
    USPC ........................................................ **D8/301**

(58) **Field of Classification Search**
    USPC ................. D8/300–302, 307–309, 310, 311,
        D8/DIG. 10; D23/254; 292/336.3, 347;
        74/523, 543; 70/192, 201, 206, 207;
        16/110.1, 412, 416, 430, DIG. 30
    CPC ............. Y10T 16/44; Y10T 74/20612; Y10T
        74/20732; Y10T 16/458; Y10T 16/498;
        Y10T 16/469; Y10T 16/476; Y10T 74/20744;
        Y10T 16/473; Y10T 16/4628; Y10T
        74/20642; Y10T 16/473; Y10T 74/20762;
        Y10T 74/2042; Y10T 74/20828; Y10T
        16/459; Y10T 16/4713; Y10T 74/2014;
        Y10T 16/50; Y10T 74/20438; Y10T
        74/20582; Y10T 74/20738; Y10T 16/48;
        Y10T 74/20618; Y10T 74/20684; Y10T
        74/20624; Y10T 74/20468; Y10T 16/61;
        Y10T 16/4719; Y10T 16/86; Y10S 16/30;
        Y10S 292/31; Y10S 292/53; Y10S 16/12;
        Y10S 292/23; Y10S 292/27; Y10S 292/30;
        Y10S 292/63; E05B 85/16; E05B 1/0015;
        E05B 77/06; E05B 79/06; E05B 85/18;
        E05B 85/12; E05B 85/10; E05B 7/00;
        E05B 1/0053; E05B 77/265
    See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,605,648 | A | * | 8/1952 | Sanderlin ............... E06B 7/084 |
| | | | | 292/336.3 |
| D369,964 | S | * | 5/1996 | Decursu ......................... D8/302 |
| D444,694 | S | * | 7/2001 | Alvarado ...................... D8/301 |
| 6,546,765 | B1 | * | 4/2003 | Linares ................. E05B 13/108 |
| | | | | 16/412 |
| D492,570 | S | * | 7/2004 | Linares ......................... D8/308 |
| D529,783 | S | * | 10/2006 | Corcino ........................ D8/301 |
| D557,585 | S | * | 12/2007 | Linares ......................... D8/308 |
| D585,721 | S | * | 2/2009 | Le .................................. D8/302 |
| D587,091 | S | * | 2/2009 | Chen ............................. D8/308 |
| D691,451 | S | * | 10/2013 | Weathersby ................... D8/302 |
| D691,452 | S | * | 10/2013 | Weathersby ................... D8/302 |
| D708,039 | S | * | 7/2014 | Aispuro ......................... D8/301 |
| D740,395 | S | * | 10/2015 | Flowers ...................... D23/252 |
| D740,642 | S | * | 10/2015 | Carlsson ....................... D8/301 |
| 2008/0088140 | A1 | * | 4/2008 | Huang ..................... E05B 1/003 |
| | | | | 292/347 |
| 2010/0013247 | A1 | * | 1/2010 | Kuchas .................... E05B 5/00 |
| | | | | 292/336.3 |
| 2014/0001779 | A1 | * | 1/2014 | Bedoian .................. E05B 1/003 |
| | | | | 292/336.3 |
| 2016/0053522 | A1 | * | 2/2016 | Ou ........................ E05B 63/006 |
| | | | | 292/336.3 |

* cited by examiner

*Primary Examiner* — Derrick Holland
*Assistant Examiner* — Lauren Calve
(74) *Attorney, Agent, or Firm* — Karish & Bjorgum, PC

(57) **CLAIM**

The ornamental design for an L-handle, as shown and described.

**DESCRIPTION**

FIG. **1** is a front isometric view of an L-handle of the invention.
FIG. **2** is a front view of the L-handle of FIG. **1**.
FIG. **3** is a right side view of the L-handle of FIG. **1**.
FIG. **4** is a left side view of the L-handle of FIG. **1**.
FIG. **5** is a top view of the L-handle of FIG. **1**; and,
FIG. **6** is a bottom view of the L-handle of FIG. **1**.
The broken lines shown represent unclaimed subject matter and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**





*Fig. 1*

Case 2:22-cv-02957-RAO   Document 1   Filed 05/03/22   Page 14 of 25   Page ID #:14



*Fig. 2*



*Fig. 3*



*Fig. 4*



Fig. 5



Fig. 6

# Exhibit B



US00D773914S

(12) **United States Design Patent** (10) Patent No.: **US D773,914 S**

Aispuro (45) Date of Patent: ** **Dec. 13, 2016**

(54) **PADLOCKABLE L-HANDLE**

(71) Applicant: **S.P.E.P. ACQUISITION CORP.**, Long Beach, CA (US)

(72) Inventor: **Tomas Aispuro**, Bellflower, CA (US)

(73) Assignee: **S.P.E.P. ACQUISITION CORP.**, Long Beach, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/526,299**

(22) Filed: **May 7, 2015**

(51) **LOC (10) Cl.** .............................................. **08-06**
(52) **U.S. Cl.**
     USPC .......................................................... **D8/301**
(58) **Field of Classification Search**
     USPC ................ D8/300–302, 307–309, 310, 311,
              D8/DIG. 10; D23/254; 292/336.3, 347;
              74/523, 543; 70/192, 201, 206, 207;
              16/110.1, 412, 16/416, 430, DIG. 30
     CPC ............... Y10T 16/44; Y10T 74/20612; Y10T
              74/20732; Y10T 16/458; Y10T 16/498;
              Y10T 16/469; Y10T 16/476; Y10T
              74/20744; Y10T 74/20864; Y10T
              16/4628; Y10T 74/20642; Y10T 16/473;
              Y10T 74/20762; Y10T 74/2042; Y10T
              74/20828; Y10T 16/459; Y10T 16/4713;
              Y10T 74/2014; Y10T 16/50; Y10T
              74/20438; Y10T 74/20582; Y10T
              74/20738; Y10T 16/48; Y10T 74/20618;
              Y10T 74/20684; Y10T 74/20624; Y10T
              74/20468; Y10T 16/61; Y10T
              16/4719; Y10T 16/86; Y10T 16/30; Y10S
              16/30; Y10S 292/31; Y10S 292/53; Y10S
              16/12; Y10S 292/23; Y10S 292/27; Y10S
              292/30; Y10S 292/63; E05B 85/16; E05B
              1/0015; E05B 77/06; E05B 79/06; E05B
              85/18; E05B 85/12; E05B 85/10; E05B
              7/00; E05B 1/0053; E05B 77/265
     See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,605,648 | A | * | 8/1952 | Sanderlin ............... E06B 7/084 |
| | | | | 292/336.3 |
| D369,964 | S | * | 5/1996 | Decursu ......................... D8/302 |
| D444,694 | S | * | 7/2001 | Alvarado .................. D8/301 |
| 6,546,765 | B1 | * | 4/2003 | Linares ................. E05B 13/108 |
| | | | | 16/412 |
| D492,570 | S | * | 7/2004 | Linares .......................... D8/308 |
| D529,783 | S | * | 10/2006 | Corcino ....................... D8/301 |
| D557,585 | S | * | 12/2007 | Linares ........................ D8/308 |
| D585,721 | S | * | 2/2009 | Le .................................. D8/302 |
| D587,091 | S | * | 2/2009 | Chen ............................. D8/308 |
| D691,451 | S | * | 10/2013 | Weathersby .................. D8/302 |

(Continued)

*Primary Examiner* — Derrick Holland
*Assistant Examiner* — Lauren Calve
(74) *Attorney, Agent, or Firm* — Karish & Bjorgum, PC

(57) **CLAIM**

The ornamental design for a padlockable L-handle, as shown and described.

**DESCRIPTION**

FIG. **1** is a front isometric view of a padlockable L-handle of the invention.
FIG. **2** is a front view of the padlockable L-handle of FIG. **1**.
FIG. **3** is a right side view of the padlockable L-handle of FIG. **1**.
FIG. **4** is a left side view of the padlockable L-handle of FIG. **1**.
FIG. **5** is a top view of the padlockable L-handle of FIG. **1**; and,
FIG. **6** is a bottom view of the padlockable L-handle of FIG. **1**.
The broken lines shown represent unclaimed subject matter and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**US D773,914 S**

Page 2

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D691,452 S | * | 10/2013 | Weathersby ................... D8/302 |
| D708,039 S | * | 7/2014 | Aispuro ........................ D8/301 |
| D740,395 S | * | 10/2015 | Flowers ........................ D23/252 |
| D740,642 S | * | 10/2015 | Carlsson ........................ D8/301 |
| 2008/0088140 A1* | | 4/2008 | Huang ................... E05B 1/003 |
| | | | 292/347 |
| 2010/0013247 A1* | | 1/2010 | Kuchas ...................... E05B 5/00 |
| | | | 292/336.3 |
| 2014/0001779 A1* | | 1/2014 | Bedoian .................. E05B 1/003 |
| | | | 292/336.3 |
| 2016/0053522 A1* | | 2/2016 | Ou ......................... E05B 63/006 |
| | | | 292/336.3 |

* cited by examiner

**U.S. Patent**      Dec. 13, 2016      Sheet 1 of 5      US D773,914 S



*Fig. 1*

Case 2:22-cv-02957-RAO   Document 1   Filed 05/03/22   Page 22 of 25   Page ID #:22



*Fig. 2*



*Fig. 3*



*Fig. 4*



*Fig. 5*



*Fig. 6*